FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'12 JAN -4 P2:41

CLERK, U.S. DISTRICT COURT
     CM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Wichita Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } No. 11-10227-01-EFM |
| JAMES HALD, | } |
| Defendant. | } |

**PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)**

The United States of America, by Mona Lee M. Furst, Assistant U.S. Attorney, and James Hald, the defendant, personally and by and through his attorney, Timothy J. Henry, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.**  If the Court permits, the defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 21, United States Code, § 846, that is, Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Methamphetamine (Actual). By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the

defendant has agreed to plead guilty is not less than 10 years nor more than Life imprisonment, a $10,000,000.00 fine, at least 5 years of supervised release, and a $100 mandatory special assessment. The United States agrees to move to dismiss the remaining counts of the Indictment at the time of sentencing.

2.   **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> **Count 1, 21 U.S.C. § 846.**  The defendant, James Hald, admits that from at least February 3, 2011 until May 19, 2011, he possessed with the intent to distribute and did distribute over 50 grams of methamphetamine (actual) within the District of Kansas. The defendant admits that he distributed the methamphetamine knowingly, and intentionally, and that he agreed with other co-conspirators in Wichita, Kansas, to distribute the drugs. Specifically, the defendant admits that it was he who obtained the methamphetamine for distribution, and that he had other individuals keep track of the sales, amounts sold and monies owed, at his direction.
>
> The defendant, James Hald, admits that on February 3, 2011, that he aided and abetted the delivery of 100.5 grams of methamphetamine (actual), to his home in Wichita, Kansas, with the intent to distribute it to others.  The defendant admits that, on May 11, 2011, when he ran from law enforcement during a traffic stop in Wichita, Kansas, he threw away a camera case containing 86.1 grams of actual methamphetamine, which he possessed intending to distribute it to others.  The defendant also admits that on May 12, 2011, the 543.4 grams of actual methamphetamine located in his home in Wichita, Kansas was possessed by him for distribution to others.  The defendant admits that he was in custody after the May 11, 2011 incident, and that up until May 19, 2011, he had contact with a co-conspirator, whom he directed to collect monies owed to him by others for sales of methamphetamine.  The defendant admits that the methamphetamine seized from him on

each of the above incidents were sent to the Regional Forensic Science Center for testing by a chemist, who found the drugs to be methamphetamine (actual), in the amounts listed herein.

3.      **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of 180 months (15 years) in prison on the 21 U.S.C. § 846 count; 5 years of supervised release; no fine; and the mandatory special assessment of $100 to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4.      **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

6.      **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7.      **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

**8.     Payment of Special Assessment.**     The defendant understands that a mandatory special assessment of $100 will be entered against the defendant at the time of sentencing.  The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

**9.     Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro

60(b). The parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**10.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**11.** **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also

has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

12. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13. **Identification of Assets & Agreement Concerning Monetary Penalties**: The defendant agrees to cooperate fully with the United States Attorneys Office and specifically:

A) Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B) Submit to an examination, which may be taken under oath and may include a polygraph examination.

C) Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

D) Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

E) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

F) The defendant authorizes the U.S. District Court to release the funds posted as security for his/her appearance bond in this case to be applied to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

G) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

**14. Deportation Consequences.** The Defendant is a United States citizen, and therefore is not subject to deportation. However, the Defendant recognizes that

pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. (Indeed, because defendant is pleading guilty to Conspiracy to Distribute and Possess with the Intent To Distribute 50 grams of more of Methamphetamine (Actual), removal is presumptively mandatory.) Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

**15. No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement

between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____ 20447                     Date: 1/3/2012

for Mona Lee M. Furst
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Kan. Sup. Ct. No. 13162

_____                            Date: 1-3-2012

Brent Anderson
Criminal Supervisor

_____                            Date: 12/8/2011

Barry G. Grissom
United States Attorney

_____                            Date: 1-4-12

James Hald
Defendant

_____                            Date: 1-4-12

Timothy J. Henry
Assistant Federal Public Defender
Attorney for James Hald
301 N. Main, Suite 850
Wichita, Kansas 67202
(316) 269-6445
Kan. Sup. Ct. No. 12934