**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.                                                                                          Case No. 11-10227-01-EFM

JAMES A. HALD,

    *Defendant.*

**MEMORANDUM AND ORDER**

    In 2012, Defendant James A. Hald entered a guilty plea to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine. He was sentenced to 210 months in prison. This matter is before the Court on Hald's motion to vacate sentence pursuant to 28 U.S.C. § 2255. He argues that his sentence should be vacated or reduced in light of the U.S. Supreme Court decisions *Johnson v. United States*,[1] which found the "residual clause" of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague, and *Welch v. United States*,[2] which made *Johnson* retroactive to cases on collateral review. The Court has carefully reviewed the briefs and the record, including the Presentence Investigation

---

[1] 135 S. Ct. 2551 (2015).

[2] 136 S. Ct. 1257 (2016).

Report ("PSR"). Because the record conclusively shows Hald is not entitled to relief, the Court denies Hald's motion to vacate (Doc. 58).

## I.  Factual and Procedural Background

On October 11, 2011, Hald was indicted on one count of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, and three counts of possessing with the intent to distribute 50 grams or more of methamphetamine. On March 26, 2012, Hald entered a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to one count of conspiracy to possess and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The plea agreement provided that both parties recommended that Hald be sentenced to a controlling term of 210 months imprisonment.

Prior to sentencing, the U.S. Probation Office prepared a PSR, which provided that Hald was to be held accountable for the distribution of approximately 2.46 kilograms of methamphetamine (actual). The PSR calculated that Hald's base offense level was 38 under U.S.S.G. § 2D1.1. Hald's offense level was increased two levels to 40 because a dangerous weapon (brass knuckles) was possessed during the commission of the offense, then decreased three levels to 37 due to his acceptance of responsibility. The PSR further determined that, under U.S.S.G. § 4B1.1, Hald was a career offender based upon the nature of the instant offense and his two prior felony convictions for controlled substance offenses. The offense level for a career offender is 37, but his career offender offense level was decreased three levels to 34 due to his acceptance of responsibility. Additionally, based on Hald's extensive criminal record, the PSR calculated Hald's criminal history score to be 19, placing him in criminal history category VI.[3]

---

[3] The PSR also noted that "[Hald's] criminal history category is VI because he has been determined to be a career offender."

While Hald was determined to be a career offender under the Sentencing Guidelines, the offense level used to calculate his guideline range was derived using the drug-quantity table in U.S.S.G. § 2D1.1, because the § 2D1.1 offense level was greater than the offense level under the career-offender table.[4]  Based upon a total offense level of 37 and a criminal history category of VI, the guideline imprisonment range under the Sentencing Guidelines was 360 months (30 years) to life.  The parties agreed that the guidelines sentence in the case was 30 years to life.

On March 27, 2012, the Court adopted the PSR without change, and imposed a sentence of 210 months imprisonment.  Hald did not file a direct appeal.  On June 30, 2016 Hald filed this § 2255 motion to vacate.

## II.    Legal Background

### A.  The *Johnson* Decision

Federal law prohibits convicted felons from shipping, possessing, and receiving firearms.[5]  In general, violation of this ban is punishable by a prison sentence of "not more than 10 years."[6]  But the ACCA imposes a minimum sentence of fifteen years if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony."[7]  A "violent felony" was defined in the ACCA as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[4] *See* U.S.S.G. § 4B1.1(b) (stating that career offender sentencing table only applies when the defendant's career offender offense level is greater than the offense level otherwise applicable).

[5] *See* 18 U.S.C. § 922(g).

[6] 18 U.S.C. § 924(a)(2).

[7] 18 U.S.C. § 924(e)(1).

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[8]

The closing words of this definition, italicized above, are known as the "residual clause" of the ACCA.[9]

In *Johnson*, the Supreme Court struck down the language of the residual clause as unconstitutionally vague because "[i]nvoking so shapeless a provision to condemn someone to prison for 15 years to life does not comport with the Constitution's guarantee of due process."[10] The Supreme Court reasoned: "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[11]

In simpler terms, the "text of the residual clause provides little guidance on how to determine whether a given offense involves conduct that presents a serious potential risk of physical injury."[12] Thus, the residual clause was unconstitutional under the void-for-vagueness doctrine, which "prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' "[13]

---

[8] 18 U.S.C. § 924(e)(2)(B) (emphasis added).

[9] *Johnson*, 135 S. Ct. at 2556.

[10] *Id*. at 2560.

[11] *Id.* at 2557.

[12] *Welch*, 136 S. Ct. at 1261 (quotations omitted).

[13] *Id.* (quoting *Johnson*, 135 S. Ct. at 2556).

The Supreme Court made clear that its ruling was confined to the residual clause only—one of three alternative definitions for "violent felony" under the ACCA. The ACCA also defines a violent felony as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another," as well as any crime that "is burglary, arson, extortion, [or] involves use of explosives."[14] The *Johnson* opinion carefully states that the Court's decision "does not call into question application of . . . [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[15] The Supreme Court further confined its ruling by maintaining that the decision did not call into question other laws that require "application of a qualitative standard such as 'substantial risk' to real-world conduct," most of which "require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion," rather than the riskiness of a category of crimes.[16]

Accordingly, *Johnson* only affects the sentences of prisoners who were convicted under 18 U.S.C. § 922(g) (unlawful possession of a firearm) and received the ACCA's fifteen-year minimum sentence under the ACCA residual clause.[17]

**B.  *Johnson* as Applied to the Sentencing Guidelines**

While the *Johnson* holding only struck down the residual clause of the ACCA, some courts have applied the *Johnson* Court's rationale to the career offender guideline of the

---

[14] 18 U.S.C. § 924(e)(1), (2).

[15] *Johnson*, 135 S. Ct. at 2563.

[16] *Id.* at 2561.

[17] 18 U.S.C. § 924(e)(2)(B)(ii); *see Johnson*, 135 S. Ct. at 2563.

Sentencing Guidelines.[18]  The Sentencing Guidelines recommend sentencing ranges based on a defendant's conduct and characteristics.  During sentencing, a court first calculates the sentencing range recommended by the Guidelines, and then chooses a sentence to impose. "[C]ourts are . . . required to consider the Guidelines in determining sentences, but they are not required to impose a sentence within the guideline range."[19]

In calculating a guideline sentence range, a defendant's recommended sentencing range is increased if the defendant is a "career offender."[20]  The Guidelines define a career offender as someone who, among other things, has "at least two prior felony convictions of . . . a crime of violence."[21]  A "crime of violence" is defined in § 4B1.2(a) of the Guidelines.  The Guidelines definition of "crime of violence" was amended in 2016, but prior to that was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[22]

---

[18] *See, e.g.*, *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015) (applying *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*).

[19] *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005).

[20] U.S.S.G. § 4B1.1.

[21] *Id.*

[22] U.S.S.G. § 4B1.2 (2015).

The final clause in § 4B1.2(a), italicized above, is also known as a "residual clause."  A quick comparison shows that the residual clause of the Guidelines used precisely the same language as the ACCA's residual clause.[23]

In *United States v. Madrid*,[24] the Tenth Circuit, sharing the same "concerns about judicial inconsistency that motivated the [Supreme Court] in *Johnson*," held that the residual clause of the Guidelines was unconstitutionally vague.  In reaching this decision, the Court noted its analysis was not changed by the fact"[t]hat the Guidelines are advisory, and not statutory."[25]  However, not all of the Circuit Courts of Appeals are in agreement.  In June, the Supreme Court granted certiorari in *United States v. Beckles*,[26] to address the constitutionality of the residual clause in the Guidelines.  As a result, courts in this district have opted to stay proceedings in cases implicating the residual clause pending the Supreme Court's determination in *Beckles*.[27]

### III. Discussion

Hald's motion does not contain much information.  Under "Ground One," Hald wrote that he was "sentenced under [Armed] Career Criminal Act."  Immediately below, under "Supporting facts," Hald wrote "with the new law under [*Johnson*] and [*Welch*]."  In explaining why he did not raise the issue in his direct appeal, he wrote "New law void-for-vagueness

---

[23] U.S.S.G. § 4B1.2 (2015).  *Compare id.* (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.") *with* 18 U.S.C. § 924(e)(2)(B) (". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

[24] 805 F.3d 1204, 1210–11 (10th Cir. 2015).

[25] *Id.* at 1211.

[26] 136 S. Ct. 2510 (2016) (mem.).

[27] *See, e.g.*, *United States v. Pettes*, 2016 WL 5661559 (D. Kan. Sept. 30, 2016) (granting government's motion to stay the proceedings in the case pending the Supreme Court's decision in *United States v. Beckles*); *United States v. Harris*, 2016 WL 4506811 (D. Kan. Aug. 8, 2016) (declining to rule on merits of § 2255 motion to vacate sentence based upon guideline sentence calculation, instead deciding to stay proceedings in light of *Beckles*).

doctrine." The Court acknowledges that it must construe a *pro se* litigant's arguments liberally, but may not begin to serve as his advocate.[28] A liberal construction of the motion reveals that Hald is arguing that his classification as a career offender was impacted by *Johnson*.

Hald's motion is denied for two reasons. First, Hald was not even sentenced under the ACCA or the Sentencing Guidelines. He was sentenced pursuant to the parties' Rule11(c)(1)(C) agreement, which expressly disavowed reliance on the Guidelines and provided for a lower sentence than the range calculated in the PSR. Any enhancements calculated in the PSR, then, had no bearing on Hald's sentence.

Second, even if the Court had looked to the PSR in calculating Hald's sentence, the PSR did not apply an enhancement that has been implicated by *Johnson*, *Welch*, or *Madrid*. He was not convicted under 18 U.S.C. § 922(g), and therefore did not receive a sentence under the residual clause of the ACCA. Thus, the direct holding of *Johnson* is inapplicable to his sentence. Likewise, *Welch* is inapplicable because that decision merely held that *Johnson* applied retroactively to cases on collateral review.[29]

Notwithstanding the Supreme Court's pending decision in *Beckles*, the Tenth Circuit's decision in *Madrid* is not applicable because the PSR did not recommend an enhancement based upon Hald's classification as a "career offender." While the PSR indicated that Hald was a career offender, the PSR did not recommend or apply the enhancement because the offense level determined under the career offender guideline (37) was less than the offense level determined

---

[28] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[29] *Welch*, 136 S. Ct. at 1268.

under § 2D1.1 (38).  Accordingly, the PSR used § 2D1.1 as the controlling guideline.[30]  Therefore, even if the Court had relied on the PSR in sentencing Hald (and, in light of the Rule 11(c)(1)(C) agreement, it did not), the PSR did not recommend an enhancement based on any Guideline implicated by *Johnson*.[31]

As a final matter, it is possible that Hald is arguing that *Johnson* applies to the two-level enhancement mentioned in the PSR for possessing a dangerous weapon.  Hald was found to be in possession of brass knuckles, which were found in his home along with methamphetamine, $4,715 in cash, an electronic money counter, and drug ledgers.  While not explicitly stated, this enhancement appears to have been done under U.S.S.G. § 2D1.1, which enhances a sentence based upon possessing a dangerous weapon while committing an offense.  Viewed liberally, that enhancement bears some similarity to the residual clauses in that both are based on an assessment of risk.  The dangerous weapon enhancement applies "[i]f a dangerous weapon . . . was possessed," and provides for an "increase by 2 levels."[32]  Hald may have had this provision in mind in arguing that his sentence was improperly enhanced, but if so, it is unavailing.

*Johnson* found the ACCA residual clause to be vague in part because it required a risk assessment based on imagined or hypothetical crimes.[33]  The Supreme Court expressly stated, however, that it did "not doubt the constitutionality of laws that call for the application of a

---

[30] *See* U.S.S.G. § 4B1.1(b) (explaining that the offense level under the career offender guidelines applies only if it is greater than the offense level otherwise applicable).

[31] *See United States v. Hernandez*, 2016 WL 4541446, at *1–2 (D. Kan. Aug. 31, 2016) (*Johnson* inapplicable where career offender enhancement was overridden by application of higher offense level).

[32] U.S.S.G. § 2D1.1(b)(1).

[33] *Johnson*, 135 S. Ct. at 2561.

qualitative standard such as 'substantial risk' to real-world conduct . . . ."[34]  Hald's enhancement was based on his "real-world conduct"—i.e., possessing a dangerous weapon while buying and selling methamphetamine, and while collecting debts from previous drug sales.  Application of the dangerous weapon enhancement to Hald's actual conduct poses no vagueness problem of the sort found in *Johnson*.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[35]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[36]  For the reasons stated above, the Court finds that Hald has not satisfied this standard.  The Court therefore denies a certificate of appealability as to its ruling on this motion.

### III.    Conclusion

After carefully reviewing the record, the Court finds Hald is not entitled to have his sentence reduced or vacated.  The record shows that Hald was not sentenced under the ACCA or the Sentencing Guidelines, notwithstanding the fact that the PSR did not apply an enhancement that has been implicated by *Johnson*, *Welch*, or *Madrid*.

---

[34] *Id.*

[35] 28 U.S.C. § 2253(c)(2).

[36] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

**IT IS THEREFORE ORDERED** that Hald's Motion Under 28 U.S.C. § 2255 to Vacate (Doc. 58) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability Under Rule 11 is **DENIED.**

**IT IS SO ORDERED**.

Dated this 21st day of November, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE