**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.

        Case No. 11-10227-01-EFM

JAMES A. HALD,

        *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Reduce Sentence (Doc. 63). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19.  The government opposes Defendant's motion.  For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.        Factual and Procedural Background**

On March 26, 2012, Defendant pleaded guilty to Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. § 846. On that same date, Defendant was sentenced to 210 months imprisonment.  Defendant is 53 years old, and he is currently incarcerated at Fort Worth FMC.  There have been 587 positive cases, and

12 inmates have died in the facility in which Defendant is housed.[1]  Currently, there are 23 active inmate cases and 9 active staff cases.  Defendant's projected release date is October 9, 2026.

On July 7, 2020, Defendant filed an emergency motion seeking to reduce his sentence due to the risk of contracting COVID-19 in prison.[2]  He states that he suffers from a combination of medical ailments that make him more susceptible to serious complications from COVID-19. Defendant also contends that the situation at FMC Fort Worth is dire.  The government opposes the motion.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 14, 2020).

[2] The Federal Public Defender filed a motion on behalf of Defendant.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United*

-3-

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in Defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.    Analysis

Defendant seeks early release based on underlying health conditions and the risk of contracting serious complications from COVID-19 in prison.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden at FMC Fort Worth on June 2, 2020.  Confirmation of that request was received the same day.  As of July 7, 2020, Defendant had not received a response

---

*States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

from the Warden.  Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

## B.     Extraordinary and Compelling Reasons

Having determined that Defendant exhausted his administrative remedies, the Court next considers whether Defendant's underlying medical conditions of hypertension, Hepatitis C, and obesity, coupled with the outbreak of COVID-19 in FMC Fort Worth, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).   Obesity is listed by the Centers for Disease Control and Prevention ("CDC") as one condition that is at increased risk for severe illness from COVID-19.[8]   Hypertension is listed as a condition that may cause increased risk.[9]  While Hepatitis C is not listed, Defendant has at least two underlying conditions that increase his risk of serious complications should he contract COVID-19.  Thus, the Court finds that these medical conditions, in tandem with the COVID-19 pandemic, may present an extraordinary and compelling reason.  Accordingly, the Court will move on to consider the § 3553(a) factors.

## C.     Section 3553(a) Factors

The Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable" when determining whether a sentence reduction is appropriate.[10] Some of the § 3553(a) factors include the nature and circumstances of the offense; the need for the

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 14, 2020).

[9] *Id.*

[10] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

Defendant pleaded guilty to the serious offense of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine.  The sentencing guideline range, based on Defendant's criminal history and offense level, was 360 months to life.  This Court rejected the parties' Rule 11(c)(1)(C) plea agreement of 180 months, which was only half of the recommended sentence guideline, and instead sentenced Defendant to 210 months.

At this point, Defendant has served approximately half of his sentence as he has served 104 months.  Reducing his sentence by half, even during the ongoing COVID-19 pandemic, does not further sentencing objectives.  The Court remains convinced that 210 months is an appropriate sentence.

Contrary to Defendant's contention that his offense was non-violent, the overall circumstances surrounding it were not.  The Sedgwick County Sheriff's Department conducted an investigation into Defendant's criminal conduct for approximately ten months in 2011.  During that time, Defendant was found to be in the possession of drugs, and arrested, multiple times.  In the course of one arrest, Defendant engaged the police in a car chase, crashed his vehicle, and then continued to try and evade capture.  Defendant was also in possession of brass knuckles during another arrest.

Defendant's criminal history spans twenty-five years.  In addition, Defendant committed the offense, for which he was sentenced in this Court, while he was on parole for the offenses of

---

[11] 18 U.S.C. § 3553(a).

criminal threat and driving while license suspended.  Indeed, Defendant's guideline range was 360 months to life.

The Court recognizes that Defendant appears to have performed well in prison.  He reduced his custody level to low, completed education courses and drug programs, and recently obtained a letter from the Health Services Administrator at FMC Fort Worth who gave recognition to Defendant's help during the COVID-19 pandemic recovery process at that facility.  Defendant is to be commended for these positive efforts and changes.  Reducing Defendant's sentence, however, to time served would not reflect the seriousness of Defendant's criminal conduct or his criminal history.  Nor would it provide adequate deterrence or appropriate punishment.  The Court finds that the 210-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 63) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 16th day of September, 2020.

ERIC F. MELGREN
UNITED STAES DISTRICT JUDGE