IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 11-10227-01-EFM

JAMES A. HALD,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's letter to the Court, which the Court construes as a Motion for Modification of his Sentence (Doc. 81). On March 26, 2012, Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. On that same date, Defendant was sentenced to 210 months' imprisonment.

Defendant recently sent a letter to the Court objecting to a two-point enhancement in his Presentence Investigation Report ("PSR"). He states that his plea agreement did not mention brass knuckles, but his PSR included a two-point enhancement for the brass knuckles.[1] Defendant seeks removal of the enhancement because he contends that it prevents him from being released a year

---

[1] Possession of brass knuckles is considered possession of a dangerous weapon and warrants a two-point sentence enhancement. *See* U.S.S.G. 2D1.1(b)(1).

early. Defendant, however, also explicitly states that he does not seek a sentence reduction. Thus, Defendant appears to request modification of his PSR which ultimately would affect his sentence.[2]

Pursuant to Fed. R. Crim. P. 32(f)(1), there is a 14-day limit to file objections to a PSR. This rule is in place "so that the probation officer may investigate and address the objections prior to the sentencing hearing."[3] In addition, "this provision is part of an effort intended to promote 'early resolution' of disputes over the PSR's contents, to maximize judicial economy through more orderly sentencing hearings, and to provide a fair opportunity to both sides for reviewing, objecting to and commenting on the PSR prior to the sentencing hearing."[4] If a party fails to timely make an objection, the objection will be deemed waived.[5]

Here, Defendant was sentenced on March 26, 2012—approximately 11 years ago. Defendant waived his objections long ago, and any objections to the sentencing enhancement in the PSR are untimely. Thus, the Court declines to hear Defendant's objection and will not now modify Defendant's PSR or his sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Modification of his Sentence (Doc. 81) is **DENIED.**

---

[2] Defendant states that he is attending a residential drug abuse program and has five months left until graduation. It appears as though Defendant wants his prison sentence reduced by one year although he confusingly states that he does not seek a sentence reduction.

[3] *United States v. Albright*, 115 F. Supp. 2d 1271, 1274 (D. Kan. 2000) (citing *United States v. Jones*, 70 F.3d 1009, 1010 (8th Cir. 1995)).

[4] *Id.* (citing the Fed. R. Crim. P. 32(b)(6)(B) advisory committee note to 1994 amendment). This rule has undergone multiple revisions, and 32(f) now addresses objections to the PSR instead of 32(b)(6)(B).

[5] *Id.* (citations omitted).

**IT IS SO ORDERED**.

Dated this 24th day of May, 2023.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE